## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**ATTORNEY FOR APPELLANT**

Luisa M. White
Kokomo, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Terry L. Rork, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 11, 2015 <br><br> Court of Appeals Cause No. 34A02-1506-CR-753 <br><br> Appeal from the Howard Circuit Court <br><br> The Honorable Lynn Murray, Judge <br><br> Trial Court Cause No. 34C01-1407-FA-161 |

**Barnes, Judge.**

# Case Summary

[1] Terry Rork, Jr., appeals his twenty-year sentence for Class B felony child molesting. We affirm.

# Issue

[2] Rork raises one issue, which we restate as whether his sentence is inappropriate.

# Facts

[3] N.M. was born in 2002. Rork, who was born in 1975, dated N.M.'s mother from 2005 until 2009. At times, Rork lived with N.M. and N.M.'s mother in Kokomo and would babysit N.M. while his mother worked. In 2014, Kokomo police investigated allegations that, in 2008, Rork had molested N.M. several times. Specifically, N.M. described Rork performing oral sex on him and requiring him to perform oral sex on Rork. N.M. also described Rork requiring him to take his clothes off and lay face down on the bathroom floor while Rork "hump[ed]" him. App. p. 34. According to N.M., Rork threatened to kill N.M.'s mother if N.M. reported the conduct.

[4] The State charged Rork with child molesting, which was elevated to a Class A felony because Rork was over twenty-one years old when he was alleged to have committed the offenses. Rork pled guilty to the lesser included offense of Class B felony child molesting and was sentenced to twenty years. He now appeals.

## Analysis

Rork argues that his twenty-year sentence is inappropriate.[1] Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Although Appellate Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

The principal role of Appellate Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the

---

[1] "As our Supreme Court has made clear, inappropriate sentence and abuse of discretion claims are to be analyzed separately." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). "[A]n inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant." *Id.* Although Rork references reviewing his sentence for an abuse of discretion and the weight given to the aggravators and mitigators, his argument focuses on the inappropriateness of his sentence.

sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Appellate Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[7] Regarding the nature of the offense, Rork contends his sentence is inappropriate because he did not cause physical harm to N.M. and he was only N.M.'s mother's boyfriend, not N.M.'s stepfather. He also contends that N.M.'s age at the time of the offense, five, should not be considered because it was an element of the offense, and that his threats to N.M.'s mother should not be considered because the trial court did not rely on that factor.

[8] In analyzing a claim under Appellate Rule 7(B), however, our review is not limited to the mitigators and aggravators found by the trial court. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). Here, Rork lived with N.M. and his mother and babysat N.M. while his mother worked. He took advantage of the close relationship to commit the offense. Further, N.M. was only five years old when Rork molested him, making him much younger than the statutory requirement that the victim be under fourteen years old. *See* Ind. Code § 35-42-4-3(a). Finally, to prevent N.M. from reporting the abuse, Rork threatened to kill his

mother. Under these facts, the lack of physical injury to N.M. does not persuade us that Rork's sentence is inappropriate.

[9] Regarding Rork's character, he points to his guilty plea to show his positive character. We are not convinced. Although Rork spared N.M. and the State the burden of a trial, he did so in exchange for a reduction of the charge from a Class A felony to a Class B felony when it was undisputed Rork was over twenty-one years old when he committed the offense. In doing so, Rork reduced the maximum sentence he faced from fifty years to twenty years. Further, after pleading guilty, during the presentence interview, Rork "adamantly denied" molesting N.M. and stated that he only pled guilty to make N.M.'s mother happy and to get the case resolved. App. p. 119. These statements are inconsistent with the cursory apology Rork made at the sentencing hearing. Under these circumstances, Rork's guilty plea does not reflect favorably on his character.

[10] Rork also has what he describes as "a lengthy criminal history extending from 1992 to present[.]" Appellant's Br. p. 6. His criminal history includes four misdemeanor convictions, four felony convictions, numerous petitions to revoke probation, and frequent failures to appear. Although he has not previously been convicted of a sex crime, Rork's criminal history shows an ongoing pattern of failing to conform his conduct to the law. This is consistent with the probation officer's assessment of Rork as "self-pitying, dishonest, narcissistic, manipulative, and controlling." App. p. 122. Rork's character does not render his twenty-year sentence inappropriate.

# Conclusion

Rork has not established that his twenty-year sentence is inappropriate. We affirm.

Affirmed.

Robb, J., and Altice, J., concur.